LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

EDMUNDO RAMOS,
*on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class,*

                Plaintiff,

                v.

HAPPY STREET LLC,
    d/b/a LUIGI'S PIZZA
    d/b/a PIE PIE PIZZA,
HAPPY STREET TOO LLC,
    d/b/a LUIGI'S PIZZA
    d/b/a PIE PIE PIZZA,
and SLOBODAN RADIVOJEVIC,

                Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff EDMUNDO RAMOS ("Plaintiff RAMOS," or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants HAPPY STREET LLC d/b/a LUIGI'S PIZZA d/b/a PIE PIE PIZZA, HAPPY STREET TOO LLC d/b/a LUIGI'S PIZZA d/b/a PIE PIE PIZZA (the "Corporate Defendants"), and SLOBODAN RADIVOJEVIC (the "Individual Defendant"; and together with the Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff RAMOS alleges, pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.*, that he is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid spread of hours, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff RAMOS is a resident of New York County, New York.

6. At all times relevant to this action, Defendants have operated two pizza restaurants as a single integrated enterprise under the trade names "Luigi's Pizza" and "Pie Pie Pizza" in the state of New York (the "Restaurants"). Defendants have owned and operated the Restaurants at the following locations in New York City:

   a. 2127 Amsterdam Ave, New York, NY 10032 (the "Luigi's Pizza" location); and

   b. 924 Columbus Ave, New York, NY 10025 (the "Pie Pie Pizza" location).

7. At all times relevant to this action, Defendants have operated the Restaurants as a single integrated enterprise; in addition, the Restaurants were commonly owned by Defendants. The Restaurants have been and continue to be advertised on the following websites:

http://luigispizza.nyc/ and http://piepiepizza.com/. Specifically, at all relevant times to this action, the Restaurants have been engaged in related activities and shared common ownership as well as a common business purpose:

   a. Supplies were interchangeable among the Restaurant locations;

   b. Employees were interchangeable among the Restaurant locations, and in fact, while Plaintiff RAMOS primarily worked at the Luigi's Pizza location throughout his employment with Defendants, he was directed by Defendants to work at the Pie Pie Pizza location approximately once each week; and

   c. The Restaurants shared payroll methods and have a single, centralized system of labor relations for employees.

8. Corporate Defendant HAPPY STREET LLC d/b/a LUIGI'S PIZZA d/b/a PIE PIE PIZZA is a domestic limited liability company organized under the laws of the State of New York, with two principal places of business located at 2127 Amsterdam Ave, New York, NY 10032 and 924 Columbus Ave, New York, NY 10025, and an address for service of process located at c/o Slobodan Radivojevic, 466 W 166th Street, New York, NY 10032.

9. Corporate Defendant HAPPY STREET TOO LLC d/b/a LUIGI'S PIZZA d/b/a PIE PIE PIZZA is a domestic limited liability company organized under the laws of the State of New York, with two principal places of business located at 2127 Amsterdam Ave, New York, NY 10032 and 924 Columbus Ave, New York, NY 10025, and an address for service of process located at c/o Slobodan Radivojevic, 466 W 166th Street, New York, NY 10032.

10. At all times relevant to this action, Individual Defendant SLOBODAN RADIVOJEVIC was an owner and principal of the Corporate Defendants. Defendant SLOBODAN RADIVOJEVIC exercised operational control as it related to all employees

3

including Plaintiff, FLSA Collective Plaintiffs, and the Class. Defendant SLOBODAN RADIVOJEVIC frequently visited each of the Restaurant locations. Defendant SLOBODAN RADIVOJEVIC exercised the power to (and also delegated to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees, including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all relevant times, employees could complain to Defendant SLOBODAN RADIVOJEVIC directly regarding any of the terms of their employment, and Defendant SLOBODAN RADIVOJEVIC had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly. Defendant SLOBODAN RADIVOJEVIC possessed the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members and could reprimand employees.

11. At all times relevant to this action, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

12. At all times relevant to this action, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members was directly essential to the business operated by Defendants.

13. The Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because the Restaurants share identical illegal wage and hour policies, the Restaurants and the relevant Corporate Defendants are properly

named on the basis of their outstanding liability to the Class Members for whom Plaintiff seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff RAMOS brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to cooks, food preparers, cashiers, bussers, and delivery persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

15. At all times relevant to this action, Plaintiff and other FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and are subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs their proper (i) minimum wage compensation and (ii) overtime compensation for all hours worked in excess of forty (40) each week. The claims of Plaintiff as stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including but not limited to cooks, food preparers, cashiers, bussers, and delivery persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class," or "Class Members").

18. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims that may be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, including (i) failing to pay the statutory minimum wage, (ii) failing to pay proper overtime compensation for all hours worked in excess of forty (40) hour each week, (iii) failing to pay spread of hours premium, (iv) failing to provide wage statements in

compliance with the New York Labor Law, and (v) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures by Defendants.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of

separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

   b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

   c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

    d.    Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

    e.    Whether Defendants paid Plaintiff and Class members the statutory minimum wage for all hours worked;

    f.    Whether Defendants paid Plaintiff and Class members their proper overtime for all hours worked in excess of forty (40) each week;

    g.    Whether Defendants properly compensated Plaintiff and Class members their spread of hours premium when working days in excess of ten (10) hours;

    h.    Whether Defendants provided proper wage statements informing all non-exempt employees of information required to be provided on wage statements under the New York Labor Law; and

    i.    Whether Defendants provided proper wage notice, on the date of hiring and annually thereafter, to all non-exempt employees, as per the requirements of the New York Labor Law.

## STATEMENT OF FACTS

25. In or around August 2014, Plaintiff RAMOS was hired by Defendants to work as a pizza cook. Throughout his employment, Plaintiff always worked seven (7) days a week, from 1:00 p.m. to 12:00 a.m., for a total of seventy-seven (77) hours each week. Plaintiff's employment with Defendants was terminated in or around November 2019.

26. Although Plaintiff primarily worked at the Luigi's Pizza location, he was directed by the Defendants to work at the Pie Pie Pizza location for approximately one (1) shift each week. Similarly, FLSA Collective Plaintiffs and Class members were routinely directed by Defendants to work at both the Luigi's Pizza location and the Pie Pie Pizza location.

27. From the beginning of his employment until December 31, 2016, Plaintiff RAMOS was compensated at a straight time rate of $10.00 per hour, including all hours worked in excess of forty (40) each week. From January 1, 2017 until in or around February 2019, Plaintiff was compensated at a straight time rate of $12.00 per hour, including all hours worked in excess of forty (40) each week. From in or around March 2019 until his employment with Defendants was terminated, Plaintiff was compensated at a straight time rate of $15.00 per hour, including all hours worked in excess of forty (40) each week. Plaintiff was always compensated by Defendants in cash. FLSA Collective Plaintiffs and Class members were compensated by Defendants at similar hourly rates and in cash.

28. From January 2018 until in or around February 2019—the time period in which Defendants paid Plaintiff at a straight time rate of $12.00 per hour—Defendants compensated Plaintiff at a rate that was below the New York statutory minimum wage of (i) $13.00 per hour for 2018, and (ii) $15.00 per hour for 2019. FLSA Collective Plaintiffs and Class members were compensated at the same rates, and were thus also compensated by Defendants at rates below the New York statutory minimum wage.

29. For the last two (2) weeks of his employment, Plaintiff was not paid *any* wages for the hours he worked.

30. In his capacity as a pizza cook, Plaintiff was at all relevant times a manual worker within the meaning of the New York Labor Law, and has therefore been entitled to receive his wages on a weekly basis. *See* NYLL § 191(1)(a)(i). Plaintiff is owed his unpaid wages, including overtime compensation for all hours worked in excess of forty (40), for the work performed during his last two weeks of his employment with Defendants, liquidated damages equal to the unpaid wages, and accrued interest on the delayed payments.

31. Throughout his employment by Defendants, Plaintiff *never* received a single spread of hours premium payment, despite the fact that he *always* worked shifts exceeding ten (10) hours in length, for virtually seven (7) days each week, from August 2014 to November 2019. Similarly, Class members were never paid their spread of hours premium throughout their employment with Defendants.

32. While employment with Defendants, Plaintiff did not receive a proper wage notice upon hiring, or upon changes in the information in the notice thereafter. Similarly, Class members never received wage and hour notices.

33. Throughout his employment with Defendants, Plaintiff did not receive any proper wage statements. Similarly, Class members never received proper wage statements.

34. Defendants knowingly and willfully operated their business with a policy of not paying the New York State statutory minimum wage to Plaintiff, FLSA Collective Plaintiffs, and Class members.

35. Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiff, FLSA Collective Plaintiffs and Class members.

36. Defendants knowingly and willfully operated their business with a policy of not providing spread of hours premium compensation as required under the New York Labor Law.

37. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

38. Defendants knowingly and willfully failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the New York Labor Law.

39. Plaintiff retained Lee Litigation Group, PLLC to represent himself, FLSA Collective Plaintiffs, and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

40. Plaintiff realleges and reavers Paragraphs 1 through 39 of this class and collective action Complaint as fully set forth herein.

41. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

43. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

44. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage and overtime to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

45. At all relevant times, Defendants had a policy and practice of failing to pay the overtime compensation to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) each week.

46. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

48. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated *(i.e.*, double) damages pursuant to the FLSA.

49. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime, plus an equal amount as liquidated damages.

50. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW
### ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

51. Plaintiff realleges and reavers Paragraphs 1 through 50 of this class and collective action Complaint as fully set forth herein.

52. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

53. Defendants willfully violated Plaintiff and Class members' rights by failing to pay them the statutory minimum wages for their lawful hours worked.

54. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the proper overtime premium for their lawful hours worked.

55. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them their spread of hours premium for each day they worked ten (10) or more hours.

56. Defendants knowingly and willfully operated their business with a policy of not providing wage statements as required under the New York Labor Law.

57. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

58. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid minimum wage, unpaid overtime, unpaid spread of hours compensation, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the FLSA and the NYLL;

d.    An award of unpaid overtime for all hours worked in excess of forty (40) due under the FLSA and the NYLL;

e.    An award of unpaid spread of hours compensation under the NYLL;

f.    An award of unpaid wages, liquidated damages and interest for each unpaid payment of wages, pursuant to NYLL § 191(1)(a)(i);

g.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages, pursuant to 29 U.S.C. § 216;

h.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the New York Labor Law;

i.    An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.    Designation of this action as a class action pursuant to F.R.C.P. 23;

l.    Designation of Plaintiff as Representatives of the Class; and

m.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: July 21, 2020

                                    Respectfully submitted,

By:   */s/ C.K. Lee*
       C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*